## BOUDINOT vs BOUDINOT.

### Opinion delivered January 12, 1899.

*1. Suits in Indian Courts—Transfer to United States Courts.*

Prior to the passage of the act of June 28, 1898, plaintiff had instituted her suit in the Cherokee Circuit Court of the Tahlequah District. The action had been dismissed by that court, but plaintiff had appealed from the order of dismissal to the Supreme Court of the Cherokee Nation, and the cause was pending on such appeal on the 1st day of July 1898. The plaintiff filed with the clerk of said court a motion to transfer same to the United States Court. On the 30th day of August, 1898, the papers in said case, with the certificate of Ben Johnson, ex-clerk of the Tahlequah District Court of the Cherokee Nation were filed in the United States Court at Tahlequah. *Held*, The United States Court thereby acquired jurisdiction of said cause.

*2. Transfer of Cause from Indian Court to U. S. Court—Summons.*

In the absence of any provision of the statute, when a cause is transferred from a tribal court to the United States court, the party having it transferred should have a summons issued and served as in an original action.

*3. Defective Service—Remedy.*

A cause will not be dismissed for defective service. In such case the proper procedure is a motion to quash.

*4. Vested Rights Under Indian Law—Enforceable in U. S. Courts.*

Any question which has been adjudicated in a tribal court before the cause is transferred to the United States Court will be treated as res judicata in the latter court. The provision of the Curtis Act prohibiting United States courts from enforcing at law or in equity any of the tribal laws does not destroy vested rights acquired under those laws.

5. *To What Court Causes in Indian Court Transferable.*

 All cases pending in tribal courts July 1, 1898, regardless of the amount in controversy were transferable to the United States Court in the Indian Territory.

 Appeal from the United States court for the Northern district.

 JOHN R. THOMAS, Judge.

 Action by Addie Boudinot against W. P. Boudinot and others. Judgment dismissing the case. Plaintiff appeals. Reversed.

 This cause was originally instituted in the Cherokee circuit court of the Tahlequah district, at the April term thereof, 1898. Congress, on the 28th of June, 1898, passed an act entitled "An act for the protection of the people of the Indian Territory, and for other purposes." The twenty-eighth section of that act is as follows: "Sec. 28. That on the first day of July, 1898, all tribal courts in the Indian Territory shall be abolished, and no officer of said court shall thereafter have any authority whatever to do or perform any act theretofore authorized by any law in connection with said courts, or to receive any pay for same; and all civil and criminal cases then pending in any such courts shall be transferred to the United States court in said territory by filing with the clerk of the court the original papers in such suit." This case was pending and undisposed of in the Cherokee courts at the time of the passage of this act. It appears, however, from an examination of the records, that the Cherokee court had dismissed the case, and that the plaintiff in that court had prayed an appeal to the supreme court of the Cherokee Nation, which was granted, and that on July 1, 1898, the papers and proceedings in said case had not as yet been transmitted to the clerk

of the supreme court of the Cherokee Nation, but were still on file in the office of the district clerk of the Tahlequah district, Cherokee Nation. The plaintiff below, who is the appellant in this case, filed with the clerk of the United States court at Tahlequah the original papers from the Cherokee court on the 30th day of August, 1898. At the ensuing term of the United States court at Tahlequah, in September of that year, the appellees in this case,—who are the defendants below,—the cause having come on for trial at said term of the United States court at Tahlequah on the 14th day of September, 1898, filed a motion to dismiss said cause, which is in words and figures as follows, to-wit: "In the United States court in and for the northern district of the Indian Territory, sitting at Tahlequah, Hon. John R. Thomas, Presiding. Civil Case No. 252. Addie Boudinot, Plaintiff, vs W. P. Boudinot et al., Defendants. (1) Now come defendants, and appear especially in this cause for the purpose of moving to dismisss this cause, and for this purpose only, and for cause of dismissal say that this court has no jurisdiction to pass upon the correctness of the Cherokee circuit court in dismissing this cause on account of the noncompliance of plaintiff with the Cherokee law of procedure; this court being expressly prohibited by section 29 of the Curtis bill from enforcing the laws regulating procedure in the Cherokee courts. (2) Because this case was not pending in any Cherokee court at the time of the pretended transfer of this cause to this court, nor on July 1, 1898, the date of the approval of the Curtis bill." On the 14th day of September the motion theretofore filed to dismiss the suit came on to be heard, and the court sustained said motion and dismissed the suit, and rendered judgment against the plaintiff for costs. To this ruling of the court the plaintiff duly accepted, and prayed an appeal to this court, which was granted.

*Wm. P. Thompson, Wm. W. Hastings* and *Geo. M. Hughes,* for appellant. ·

*S. S. Fears, Ridge Paschal* and *F. J. Boudinot,* for appellees.

TOWNSEND, J.   This case involves the construction of section 28 of the act of congress approved June 28, 1898, known as the "Curtis Law."   The section is quoted in the statement of this case.   It provides that all cases, civil and criminal, pending in the tribal courts on the 1st day of July, 1898, shall be transferred to the United States Court in the Indian Territory by filing with the clerk of the court the original papers in the suit.   On the 30th day of August, 1898, the certificate of Ben Johnson, ex-clerk of the Tahlequah district court of the Cherokee Nation, and the papers in the case, were filed in the United States court at Tahlequah.   A motion to dismiss, as set forth in the statement, and the ruling of the court thereon, followed, which brings the case to this court.

This court is of the opinion that the plaintiff had complied with the law of congress, as set forth, in section 28, in the statement of this case in the filing of the papers, and the certificate of the Cherokee clerk, with the clerk of the United States Court at Tahlequah.   Under the act of congress, the case was then pending in the United States court, and should have been disposed of on its merits as a pending suit in said court.   It will be seen by examining the text of the motion to dismiss, set forth in the statement of this case, that the attorneys for the defendants appeared specially, and for the purposes of that motion only.   It appears from statements made in the argument of the case that the attorneys for the plaintiff, after transferring the papers to the United States Court, served a notice in writing upon the attorneys of record for the defendants, advising them that

the case had been transferred to the United States court at
Tahlequah. This was the only service upon them, or upon
the defendants, advising them of the transfer of the case to
the United States court. The act of congress referred to
does not point out any mode by which service may be obtain-
ed upon the opposite party when a case is transferred from
the tribal courts to the United States court. In the absence
of any express provision of statute upon this subject, this
court is of the opinion that some one of the methods known
to the law of obtaining service in civil suits should be pur-
sued, in order to bring the opposite party into the federal
court to which the papers have been transferred. In this
case the defendants should have been brought into the
United States court by virtue of a summons issued as in
cases originally brought in the United States court, for the
reason that it appears that there was some contention in the
Cherokee court as to whether the defendants had been
served with actual notice in that court. And in all cases it
would be safer for the party bringing a case from the tribal
court into the United States court to obtain service upon the
opposite party in the same manner as if it were an original
proceeding in the United States court. If this should be
done, there could be no question thereafter as to whether
the opposite party was properly and legally in court. In
the case at bar, conceding that there was a defective service,
or even no service at all, the remedy was not by a motion to
dismiss, but, if there had been a defective service, by motion
to quash the service; the party making it entering a special
appearance for that purpose only. If there had been no
service in the case, the case should have been continued
until the next term, with alias summons; but such failure of
service would not be a ground for dismissal, for the reason
that the case was a pending suit in court, to be disposed of
under the rules of the court, upon its merits, or upon other
legal grounds. The act of congress aforesaid does not state

*Transfer of cause from Indian Court to U. S. Court. Notice to adverse party*

*Defective service. Remedy.*

what shall be done with the cases when they have been filed in the United States court. We must assume, however, that such cases were transmitted to the United States court for the purpose of having them disposed of in the United States court as other cases pending in that court. There could have been no other purpose for transferring cases from the tribal courts to the United States court. Such cases, therefore, should be proceeded with in the United States courts precisely in the same manner, and under the same rules of pleadings and practice and legal liability, as if the cases had been originally brought in the United States court. If any question had been adjudicated in reference to a case in the tribal courts, such question would be deemed by the United States court as adjudicated, and all rights which had vested in any of the parties to a case by virtue of tribal laws should be secured to the litigants or parties to such cases in the same manner as rights which have vested under any laws of the United States in force in this jurisdiction. It was not the purpose of the act of congress referred to to destroy vested rights. And notwithstanding the fact that the act of congress above mentioned prohibited the United States court from enforcing, either at law or in equity any laws of the Indian tribes in the Indian Territory, yet where rights had vested under such laws the United States court would be authorized to enforce those vested rights.

Indian Laws.
Enforcement
by U. S. Court.

The question was asked in argument whether the United States court would have jurisdiction in such cases, when transferred from the tribal courts, where the amount in controversy was less than $100. While this question is not involved in the pending suit, as the amount in controversy is over $4,000, yet the question is a pertinent one, and the opinion of this court upon it may properly be submitted at this time and in this case. It is clear, from the text of the law of congress under which cases are transferred from the tribal courts to the United States court, that the papers are

to be filed with the clerk of the United States court. This
clearly contemplates that all cases transferred shall be filed in the United States court, and not in the United States commissioners' courts. In the absence of any provision authorizing the United States court to transfer cases involving less than $100 in value to United States commissioners' courts, we must assume that congress did not intend that litigants should be deprived of the right to prosecute cases involving less than $100 which may be transferred from the tribal courts. Such cases having been filed in the United States court in pursuance of law, such filing in pursuance of law confers jurisdiction upon the court in which the papers are filed to hear and determine the case, regardless of the amount in controversy. The judgment of the court below is reversed, and the cause remanded, with instructians to take further proceedings in the case in accordance with this opinion.

SPRINGER, C. J., and CLAYTON, J., concur.